## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

OLIVIA SZERSZEN, on behalf of herself
and all others similarly situated,

    Plaintiff,

**CLASS ACTION COMPLAINT**

MAD CAP EVENTS, LLC D/B/A
SAVAGE RACE,
a Florida Corporation,

**JURY DEMAND**

    Defendant.

_____/

## **CLASS ACTION COMPLAINT**

Plaintiff Olivia Szerszen ("Plaintiff") brings this action, on behalf of herself and all others similarly situated, against Defendant Mad Cap Events, LLC D/B/A Savage Race ("Savage Race").

## **INTRODUCTION**

1. Each year, tens of thousands of consumers nationwide participate in "Savage Races," one of the nation's largest and most popular obstacle course races. Savage Race has become a leader in obstacle races, conducting multiple events each year throughout the United States. *See* www.savagerace.com. Unfortunately, Savage Race has not been satisfied to simply collect millions of dollars annually in registration, sponsorship and corporate fees. Instead, Savage Race has also established a deceptive and unfair "Insurance Scheme" whereby it requires each Savage Race racer to make an additional payment of $15 to purchase nearly-worthless insurance that only costs a fraction of that amount. Savage Race *forces* consumers to pay for this insurance even though it is essentially

worthless because the coverage is secondary—meaning that consumers must first go through their own insurance to seek coverage for medical expenses. Through its Insurance Scheme, Savage Race has created an additional, secret revenue stream of millions of dollars from its consumers, all in violation of Florida and common law.[1]

2. Each time a consumer registers for an event, Savage Race charges a mandatory, non-transferable, and non-refundable "Participant Insurance Contribution," which creates the impression that the "Participant Insurance Contribution" is simply collected by Savage Race and then passed through to the third-party insurer:

| Mandatory Participant Insurance Contribution | I acknowledge the insurance contribution of ($15.00) |
|---|---|

3. In fact, upon information and belief, a portion of this fee kept by Savage Race serves as a hidden profit center for the company and Savage Race does not disclose to its consumers that it receives a massive profit off the "Participant Insurance Contribution." Thus, Savage Race's marketing and charging of the mandatory "Participant Insurance Contribution" is objectively likely to mislead any reasonable consumer.

4. Moreover, by charging the mandatory "Participant Insurance Contribution" and then retaining a significant portion of it, Savage Race has been able to represent that its prices to register for its races are as cheap as (or cheaper than) the competition, giving Savage Race an unfair, anticompetitive edge—which has helped it to become a leader in this market—and preventing consumers from being able to accurately compare Savage Race's prices to its competitors.

---

[1] Plaintiffs are hereby contemporaneously giving Notice to Savage Race under the Massachusetts General Laws, Chapter 93A, regarding these unfair consumer practices and may amend the Complaint to assert such claims accordingly.

5. Florida courts have consistently found that such specific hidden insurance scheme is actionable under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, Florida Statutes ("FDUTPA"). *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 702–03 (Fla. 3d DCA 2000) (finding an actionable FDUTPA claim where cruise line secretly retained a portion of funds collected from consumers as "pass through" port charges, even though the term "pass through" was not expressly included in the cruise lines' representations to the passengers).[2] This Court has also found that similar conduct is actionable under FDUTPA. *Bowe v. Public Storage*, 106 F.Supp.3d 1252, 1258–59, 1270 (S.D. Fla. 2015) (describing the Public Storage insurance kickback scheme and concluding that "a reasonable fact finder could find it was a deceptive practice for Public Storage to represent that the premiums would be 'passed through' to the insurance company and then secretly retain a portion of the insurance premium for itself.").

6. Savage Race's insurance kickback scheme is implemented in the exact same manner to all similarly-situated class members—Savage Race charges the mandatory "Participant Insurance Contribution" to every single registrant—and is directly quantifiable as damages under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, Florida Statutes ("FDUTPA"), as interpreted by the Courts. *See, e.g., Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1298 (S.D. Fla. 2017) (citing *Latman v. Costa Cruise Lines, N.V.*, 758 So.2d 699, 703 (Fla. 3d DCA 2000) ("[D]amages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money.")).

---

[2] Because there is no authoritative decision from the Florida Supreme Court, *Latman* is binding. *Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1299 (S.D. Fla. 2017) (citations omitted)

7. In short, Savage Race has engaged in a pattern of unlawful profiteering, deceit, and self-dealing. Savage Race's practice is deceptive and results in Savage Race being unjustly enriched to the detriment of participants. Plaintiff brings this action to redress injuries that Plaintiff and a class of consumers have suffered, and will continue to suffer, as a result of Savage Race's deceptive and illegal practices. Accordingly, Plaintiff seeks relief for himself and all others similarly situated for violations of the Florida Deceptive and Unfair Practices Act ("FDUTPA"), Fla. Stat. §§ 501.00 *et seq*. and for unjust enrichment. Plaintiff also seeks declaratory and injunctive relief to put an end to Savage Race's unfair and deceptive kickback practices.

## PARTIES

8. Plaintiff is a citizen and resident of Nassau County, Florida and participated in Savage Race Florida Fall 2017 in Dade City on November 11, 2017.

9. Defendant Mad Cap Events, LLC D/B/A Savage Race is a Florida limited liability company with its principal place of business in Gainesville, Florida. Defendant is therefore a corporate citizen of Florida. Defendant is amenable to service of process c/o United States Corporation Agents, Inc., 5575 S. Semoran Blvd., Suite 36, Orlando, Florida 32822.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than Savage Race.

11. This Court has personal jurisdiction over Savage Race because Savage Race is a Florida limited liability company authorized to do business and is conducting business

throughout the United States, including in Florida. Savage Race offers obstacle course races to the general public in the United States, including Florida, and has sufficient minimum contacts with this State and/or sufficiently avails itself of the market in Florida, to render the exercise of jurisdiction by this Court permissible.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims took place in the Middle District of Florida.

## FACTUAL ALLEGATIONS

13. Savage Race is a race where "over 100,00 attendees annually push themselves to their limits to defeat the word's best obstacles."[3]  It offers a series of obstacle races with varying distance and difficulty. Savage Race holds at least 14 events in different states.[4]

14. In addition to the race registration fee that usually ranges around $70, participants registering for a race have the option of paying additional fees to Savage Races, including a fee for a Spectator Pass.

15. However, the "Participant Insurance Contribution" is mandatory for all racers and must be paid at the time of registration. Savage Race even requires racers to pay the mandatory "Participant Insurance Contribution" again each time a race is rescheduled.

16. Savage Race does not provide details about the type of insurance, or any limits of the insurance, to participants for injuries that occur while participating in an event. The vague "insurance" fee led Plaintiff to conclude that this charge was paid to a third party for insurance, not a payment to be kept by Savage Race. In fact, upon information and belief, after Plaintiff purchased her ticket but prior to the race, Savage Race required Plaintiff to

---

[3] https://savagerace.zendesk.com/hc/en-us/articles/201270595-What-makes-Savage-Race-so-awesome-
[4] Id.

sign a waiver, effectively eliminating any "insurance" she may be entitled to if she was injured at the race.

17. Indeed, Savage Race is not an insurer and is not registered as such in the State of Florida.

18. Further enhancing the idea that the mandatory "Participant Insurance Contribution" is a "pass through" charge to the third-party insurer is how the fee is presented in the invoice, as a separate item charge. Participants are required to specifically click the drop-down menu to add the participant insurance fee in order to complete registration. In fact, according to Savage Race, not adding the "Participant Insurance Contribution" is one of the top two reasons why participants have issues completing their registration for a race.[5]

19. The presentation of the insurance fee to consumers reinforces the representation of the fee as a pass- through charge, one where Savage Race has no role in the provision of the product or any profit interest.

20. In reality and unknown to consumers, the "Participant Insurance Contribution" is a hidden profit center for Savage Race. Contrary to the representations Savage Race makes to participants and consumers, the amount that Savage Race pays for insurance coverage for the participant is significantly less than the amount it charges. On information and belief, Savage Race pockets the overcharge as additional profit and conceals this fact from consumers. Savage Race's records will demonstrate the exact amount it retains for each insurance fee charged.

21. Savage Race, instead of disclosing its profit interest in the fee it charges to

---

[5] https://savagerace.zendesk.com/hc/en-us/articles/200834819-I-m-having-problems-registering-

consumers, attempts to disguise its financial interest by representing the cost as a pass-through charge.

22. Savage Race's marketing materials create the net impression that the "Participant Insurance Contribution" is simply passed through to the third-party insurer. This false impression is objectively likely to mislead reasonable consumers because in fact, the portion of the cost kept by Savage Race is a hidden profit center for Savage Race, who never discloses that it profits from the "Participant Insurance Contribution."

23. Plaintiff registered for the Savage Race Florida Fall 2017 and paid the $15 "Participant Insurance Contribution."

## CLASS ACTION ALLEGATIONS

24. As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of herself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

**A. Class Definitions**

25. Plaintiff seeks to represent the following Class and Subclass:

**(1)    Nationwide class:** All individuals in the United States who, during the applicable limitations period, paid the "Participant Insurance Contribution" in connection with any race organized by Savage Race.

**(2)    Florida Subclass:** All individuals in the state of Florida who, during the applicable limitations period, paid the "Participant Insurance Contribution" in connection with any race organized by Savage Race.

26. Excluded from the above Classes are Savage Race and its officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Plaintiff reserves the right to modify or amend the definition of

the proposed Class and Subclass before or after the Court determines whether such certification is appropriate as discovery progresses.

### B. Numerosity

27. The Class is comprised of hundreds, if not thousands, of consumers throughout the state of Florida and nationwide, many of whom paid the "Participant Insurance Contribution" in connection with their participation in a Savage Race event. The Class is so numerous that joinder of all members of the Class is impracticable. The precise number of class members is currently unknown to Plaintiff but is easily identifiable through Defendant's records.

### C. Commonality/Predominance

28. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Savage Race's uniform marketing materials create the "net impression" that the mandatory "Participant Insurance Contribution" is a "pass-through" charge;

(b) whether Savage Race retains any portion of the mandatory "Participant Insurance Contribution";

(c) whether Savage Race engaged in unfair and deceptive practices by retaining any portion of the "Racer Insurance" fee;

(d) whether Savage Race's representations are objectively likely to mislead reasonable consumers to believe that Savage Race only collects and passes through to the insurer the amount charged by the insurer for participant insurance coverage;

(e) whether Savage Race's practice of charging the "Participant Insurance Contribution" violates the FDUTPA;

(f) whether Savage Race has been unjustly enriched at the expense of Plaintiff and Class members as a result of Savage Race's charging and collection of the "Participant Insurance Contribution";

(g) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(h) whether Plaintiff and Class members are entitled to injunctive relief;

(i) whether Plaintiff and Class members are entitled to declaratory relief; and

(j) whether Plaintiff and Class members are entitled to damages and/or other

appropriate remedies as a result of Savage Race's conduct.

### D. Typicality

29. Plaintiff's claims are typical of the claims of the class members because, *inter alia*, all members were injured through the uniform misconduct described above, all members have paid the "Participant Insurance Contribution" just like Plaintiff, and Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members.

### E. Adequacy of Representation

30. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class. Plaintiff anticipates no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiff has chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

### F. Requirements of Fed. R. Civ. P. 23(b)(3)

31. The questions of law or fact common to Plaintiff's and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the common course of conduct by Savage Race to charge the "Participant Insurance Contribution" to Plaintiff and the unnamed Class members.

32. Common issues predominate when, as here, liability can be determined on a class- wide basis, even when there will be some individualized damages determinations.

33. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at bar, common questions will be held to predominate over individual questions.

### G. Superiority

34. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a) Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside nationwide and throughout the state;

(b) Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

(c) There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

(e) Individual suits would not be cost effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(2)

35. Savage Race has acted and refused to act on grounds generally applicable to the classes by engaging in a common course of conduct of uniformly charging the "Participant Insurance Contribution" to Plaintiff and the unnamed Class members, thereby making appropriate final injunctive relief or declaratory relief with respect to the classes as a whole.

### FRAUDULENT CONCEALMENT TOLLING

36. All applicable statutes of limitation have been tolled by Savage Race's knowing, active, and willful fraudulent concealment and denial of the facts alleged herein throughout the period relevant to this action. Plaintiff and Class members did not and could not have known about the facts giving rise to the causes of action despite exercising reasonable care and diligence in seeking to discover the facts that form the basis of their claims. Savage Race never disclosed to participants that it profits off the "Participant Insurance Contribution." Savage Race fraudulently concealed the truth from race participants and consumers and, accordingly, the relevant statutes of limitation should be equitably tolled

from the date Savage Race first began charging the mandatory "Participant Insurance Contribution" until the date of filing this lawsuit.

37. Instead of disclosing that Savage Race profits off the "Participant Insurance Contribution," Savage Race falsely represented the cost as a pass-through charge. Savage Race's marketing materials and representations regarding its "Participant Insurance Contribution" all create the net impression that the fee is simply collected by Savage Race and then passed through to the third-party insurer. By making these affirmative representations and omissions, Savage Race actively and successfully concealed Plaintiff's and Class Members' causes of action by fraudulent means.

## COUNT I
### For Violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes, *et seq.*
### (On behalf of Plaintiff and Members of the Florida Class)

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–37 as if fully set forth herein.

39. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Fla. Stat., *et seq.* ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat.

40. Plaintiff and Class members are consumers as defined by section 501.203, Fla. Stat. Savage Race is engaged in trade or commerce within the meaning of the FDUTPA.

41. Florida Statute section 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

42. Savage Race's unfair and deceptive practices as described herein are objectively likely to mislead – and have misled – consumers acting reasonably in the circumstances.

43. Savage Race has violated the FDUTPA by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers.

44. Plaintiff and consumers in the Class have been aggrieved by Savage Race's unfair and deceptive practices and acts of false advertising because by paying the mandatory "Participant Insurance Contribution" in connection with their participation in a Savage Race event, Plaintiff and class members parted with money for what should have been a "pass-through" to the third party insurance company, but which was then secretly retained by Savage Race. *Bowe*, 106 F.Supp.3d at 1258–59, 1270 (finding that "a reasonable fact finder could find it was a deceptive practice for Public Storage to represent that the premiums would be 'passed through' to the insurance company and then secretly retain a portion of the insurance premium for itself."); *see also Zamber*, 282 F. Supp. 3d at 1298 (citing *Latman*, 758 So.2d at 703 ("[D]amages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money.")).

45. The harm suffered by Plaintiff and consumers in the Class was directly and proximately caused by the deceptive and unfair practices of Savage Race, as more fully described herein.

46. Pursuant to sections 501.211(2) and 501.2105, Fla. Stat., Plaintiff and consumers in the Class make claims for damages, attorneys' fees and costs.

47. Savage Race still utilizes many of the deceptive acts and practices described

above and is still secretly retaining money from every mandatory "Participant Insurance Contribution" it charges. Plaintiff and the other members of the Class have suffered and will continue to suffer irreparable harm if Savage Race continues to engage in such deceptive, unfair, and unreasonable practices. Section 501.211(1) entitles Plaintiff and the Class to obtain both declaratory or injunctive relief to put an end to Savage Race's unfair and deceptive scheme.

## COUNT II
### Unjust Enrichment
### (On behalf of Plaintiff and Members of the Nationwide Class)

48. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–37 as if fully set forth herein.

49. Savage Race charged Plaintiff and Class members the mandatory "Participant Insurance Contribution" in connection with their participation in a Savage Race event. Savage Race secretly retains a significant portion of the mandatory "Participant Insurance Contribution," allowing Savage Race to enrich itself to the detriment of Plaintiff and Class members.

50. Plaintiff and Class members conferred upon Savage Race non-gratuitous payments of the "Participant Insurance Contribution." Savage Race appreciated, accepted and/or retained, in whole or in part, the non-gratuitous benefits conferred by Plaintiff and Class members.

51. Savage Race profited from its unlawful collection and retention of a portion of the "Participant Insurance Contribution" it charged at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Savage Race to be permitted to retain the benefit. Under common law principles of unjust enrichment, Savage Race should not be permitted to retain the benefits of this unjust enrichment, as they were

obtained through deceptive representations and omissions, as more fully described above.

52. Because Savage Race's retention of the non-gratuitous benefits conferred by Plaintiff and Class members is unjust and inequitable, Plaintiff and Class members suffered damages as a result of Savage Race's unjust enrichment, and are entitled to, and hereby seek disgorgement and restitution of Savage Race's wrongful profits, revenue, and benefits in a manner established by the Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment:

a. Certifying the Class as requested herein;

b. Awarding Plaintiff and members of the Class actual and statutory damages;

c. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and consumers in the Florida Class;

d. Awarding declaratory relief as permitted by law or equity, including declaring Savage Race's practices as set forth herein to be unlawful;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Savage Race from continuing those unlawful practices as set forth herein, and directing Savage Race to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

f. Awarding statutory damages, as appropriate;

g. Awarding attorneys' fees and costs; and

h. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all claims so triable.

Dated: March 17, 2020                    Respectfully Submitted,

By:*/s/Scott Edelsberg*
**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537

Aaron Ahlzadeh
Florida Bar No. 111329
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
scott@edelsberglaw.com
aaron@edelsberglaw.com

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.
Florida Bar No. 108039
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: 305-610-5223
rachel@dapeer.com

**SHAMIS & GENTILE, P.A.**
Andrew Shamis, Esq.
Florida Bar No. 101754
14 N.E 1st Ave Ste. 1205
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com